MANSFIELD, Justice (concurring in part and dissenting in part).
I respectfully concur in part and dissent in part. The majority correctly determines that Ronald Tripp was not "presently confined" for a sexually violent offense at the time the State filed its sexually violent predator (SVP) petition. However, there is substantial evidence that Tripp committed a "recent overt act" - namely, the attempted sexual abuse of a woman in 2013. This was the State's alternative ground for SVP
*420 commitment of Tripp. The district court failed to make a finding here only because it didn't think it had to. Accordingly, I would remand for a trial on this alternative ground. I find the majority's refusal to order a remand very troubling. Among other things, the majority contravenes an established line of authority holding that in weighing the sufficiency of evidence, we consider all admitted evidence, including evidence that may have been admitted erroneously. See, e.g., In re Det. of Stenzel, 827 N.W.2d 690, 701 (Iowa 2013).
To recap, Tripp had been convicted of indecent contact with a child in July 2010. However, since then he had been released into the community. The release was not successful. In June 2011, the fifty-nine-year-old Tripp was charged with a probation violation for offering to pay young teenage girls $10 each to strip naked and jump from a bridge into a pond where children swam on a regular basis. Tripp also showed the girls his underwear and asked for a hug. Tripp's GPS monitor indicated he had been at the pond three consecutive days. Tripp admitted the violation and was incarcerated. Following a subsequent release, Tripp was charged in May 2013 with assault with intent to commit sexual abuse after he repeatedly groped a woman who was giving him a ride. The State decided to dismiss the charge and instead revoke Tripp's parole. Revocation was granted and Tripp was reincarcerated. While in prison Tripp failed sex offender treatment (SOTP).
Because Tripp was not criminally convicted on the 2013 charge, and had intermittent periods of freedom following the 2010 conviction, I agree the State was obligated to prove a recent overt act in order to commit him under chapter 229A. See In re Det. of Wygle, ___ N.W.2d ___, ___ (Iowa 2018) (Mansfield, J., dissenting).
The State took steps toward meeting that burden at the SVP trial by alleging and attempting to prove the 2013 incident was a recent overt act. See Iowa Code § 229A.2(8) (2016) (defining a recent overt act as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm"). With respect to that incident, the district court stated,
Evidence presented at the parole revocation hearing disclosed that Tripp fondled an adult female acquaintance who was traveling with him in his vehicle when he offered to give her a ride. Tripp touched her breast and thighs, and tried to touch her vagina despite multiple attempts to block the assault. His parole was revoked and he was returned to prison.... The state relies on these events as establishing a recent overt act.
The majority correctly notes that the district court did not actually find that the 2013 groping was a recent overt act. It didn't have to, because it ruled that Tripp was presently confined within the meaning of Iowa Code section 229A.4(1). But if there is no present confinement under the statute then it becomes necessary to determine whether a recent overt act occurred, see Iowa Code § 229A.4(2)(a), and I would remand for that purpose.
I strongly disagree with the majority's view that we must reverse without a remand because the State failed to present substantial evidence at the SVP trial of an overt act. The State carried its burden with three exhibits. Exhibit 5, the parole violation report from May 2013 that charged an assault with intent to commit sexual abuse, was admitted into evidence. So was Exhibit 8, the board of parole's order determining that all facts in the parole violation report were correct and revoking Tripp's parole. Also admitted into evidence was Exhibit 7, which consisted of the criminal complaint and the trial information that contained further details on *421 Tripp's groping of the woman. At the SVP trial, Exhibit 7 was "admitted subject to the ruling on the motions taken under advisement." The court later denied those motions, and so we must presume Exhibit 7 was admitted. Furthermore, Tripp made no effort at trial to present an alternate version of the 2013 incident.
Notably, Exhibits 5 and 8 - whose admissibility is conceded by the majority - amounted to substantial evidence of a recent overt act by themselves. Exhibit 5, the parole violation report, states that Tripp "was arrested on 5-13-2013 and charged with Assault with Intent to Commit Sexual Abuse (please see copy of attached complaint)." The complaint is actually part of Exhibit 7 and describes the victim's account of the incident in some detail. Exhibit 8 is the parole revocation order. It provides, "The facts contained in the Parole Violation Report are correct...." Those documents collectively are enough to establish a recent overt act without any hearsay problems.
For all these reasons, substantial evidence would have supported a finding beyond a reasonable doubt that a recent overt act had occurred.
Unfortunately, the majority has decided to rewrite our law governing sufficiency of evidence reviews. Until now, that law was clear: "In conducting our sufficiency review, we must consider all evidence admitted during trial, including evidence that may have been admitted erroneously." Stenzel, 827 N.W.2d at 701; accord State v. Dullard, 668 N.W.2d 585, 597 (Iowa 2003); State v. Burgdorf, 861 N.W.2d 273, 278 (Iowa Ct. App. 2014). Thus, even if Exhibit 7 should not have been admitted, it may be considered as part of the sufficiency review.
The majority now changes this rule. Henceforth, if the trial court has not ruled on the admissibility of the evidence before the State has rested its case, and later admits it, the State may not rely on the evidence for sufficiency review if the appellate court finds it should not have been admitted. The majority reasons that where the district court has not admitted the evidence before the State rests, the State is on notice that it may need more evidence.
I would not water down our previously clear precedent. The majority's approach will lead to confusion and complication in bench trials, where the court typically reserves ruling on evidentiary objections. The majority cites no precedent from any jurisdiction for applying its approach in a civil case, such as an SVP proceeding. Notably, double jeopardy isn't an issue in SVP proceedings. See In re Det. of Bradford, 712 N.W.2d 144, 151 (Iowa 2006); In re Det. of Garren, 620 N.W.2d 275, 283-84 (Iowa 2000). Thus, the State could have brought successive SVP actions against Tripp based on the "presently confined" theory and, if necessary, the "recent overt act" theory.
I agree with the court that SVP laws can raise serious due process concerns, but the issue of whether Tripp can be retried has nothing to do with due process. If in fact Tripp recently attempted to rape a woman, then this fact - coupled with Tripp's prior sex offenses and his failure to complete sex offender treatment - may well warrant his continued confinement under chapter 229A. The fact finder should have an opportunity to decide the issue. I would not deny this opportunity by casting about for novel concepts of litigation fault-finding.
For all these reasons, I concur in part and dissent in part.
Waterman and Zager, JJ., join this concurrence in part and dissent in part.